Document    Page 1 of 8

# UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| HEWITT, MICHAEL J | § | Case No. 15-15892 |
| | § | |
| Debtor | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 05/04/2015. The undersigned trustee was appointed on 11/13/2015.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

    4. The trustee realized gross receipts of      $    79,731.15

        Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim disbursement | 0.00 |
| Administrative expenses | 0.00 |
| Bank service fees | 0.00 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of[1]    $ | 79,731.15 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6.  The deadline for filing non-governmental claims in this case was  02/23/2016  and the deadline for filing governmental claims was  02/23/2016 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7.  The Trustee's proposed distribution is attached as **Exhibit D**.

     8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 7,236.56 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $ 0.00  as interim compensation and now requests a sum of $ 7,236.56 , for a total compensation of $ 7,236.56 [2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 12.60 , for total expenses of $ 12.60 [2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 09/30/2016       By:/s/R. SCOTT ALSTERDA
                                         Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 1

Exhibit A

| Case No: | 15-15892　DRC　Judge: DONALD R. CASSLING | Trustee Name: | R. SCOTT ALSTERDA |
| --- | --- | --- | --- |
| Case Name: | HEWITT, MICHAEL J | Date Filed (f) or Converted (c): | 05/04/15 (f) |
| | | 341(a) Meeting Date: | 06/18/15 |
| For Period Ending: | 09/30/16 | Claims Bar Date: | 02/23/16 |

| 1 | 2 | 3 | 4 | 5 | 6 |
| --- | --- | --- | --- | --- | --- |
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. PNC Checking ($68.09 - Does not include 2014 Tax R | 157.85 | 0.00 | | 0.00 | FA |
| 2. 2014 Tax Return. Mr. Hewitt receives total refund | 1,136.00 | 0.00 | | 0.00 | FA |
| 3. Air mattress and pump; 3 book cases 72 inches by 2 | 130.00 | 0.00 | | 0.00 | FA |
| 4. EDS/HP Pension Fund (Start disbursement at 60yrs: | Unknown | 0.00 | | 0.00 | FA |
| 5. Phoenix Whole Life Insurance ($7,500) | 7,500.00 | 0.00 | | 0.00 | FA |
| 6. Trust contingent on passing of James J. Hewitt ($7 | 75,000.00 | 79,731.15 | | 79,731.15 | FA |
| 7. 2004 Toyota Camry SE 4-cylinder, appraised by Nort | 2,750.00 | 0.00 | | 0.00 | FA |
| 8. 1 Windows XP Laptop (10 yrs old); Modem; Router; 2 | 650.00 | 0.00 | | 0.00 | FA |

TOTALS (Excluding Unknown Values)　　　$87,323.85　　$79,731.15　　　$79,731.15

Value of Remaining Assets
$0.00
(Total Dollar Amount in Column 6)

___

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Trustee is seeking to recover Debtor's inheritance interest in a life insurance policy from a
probate estate. Trustee has recovered the Debtor's interest in a life insurance policy from a
probate estate. Trustee will review claims and tax return requirements.

Initial Projected Date of Final Report (TFR): 03/31/17　　　Current Projected Date of Final Report (TFR): 03/31/17

　　　/s/　　R. SCOTT ALSTERDA
_____　Date: 09/30/16
　　　R. SCOTT ALSTERDA

FORM 2
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 1

Exhibit B

| Case No: | 15-15892 -DRC | Trustee Name: | R. SCOTT ALSTERDA |
|---|---|---|---|
| Case Name: | HEWITT, MICHAEL J | Bank Name: | ASSOCIATED BANK |
| | | Account Number / CD #: | *******2796 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******3662 | | |
| For Period Ending: | 09/30/16 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 08/02/16 | 6 | Edward Jones<br>201 Progress Parkway<br>Maryland Heights, MO 63043 | Inheritance | 1129-000 | 79,730.99 | | 79,730.99 |
| 09/12/16 | 6 | Edward Jones<br>201 Progress Parkway<br>Maryland Heights, MO 63043 | Interest on Credit Balance | 1129-000 | 0.16 | | 79,731.15 |

\* Reversed
t Funds Transfer

| Account | | Balance Forward | 0.00 | | | |
|---|---|---|---|---|---|---|
| *******2796 | 2 | Deposits | 79,731.15 | 0 | Checks | 0.00 |
| | 0 | Interest Postings | 0.00 | 0 | Adjustments Out | 0.00 |
| | | | | 0 | Transfers Out | 0.00 |
| | | Subtotal | $ 79,731.15 | | | |
| | | | | | Total | $ 0.00 |
| | 0 | Adjustments In | 0.00 | | | |
| | 0 | Transfers In | 0.00 | | | |
| | | Total | $ 79,731.15 | | | |

/s/   R. SCOTT ALSTERDA

Trustee's Signature: _____  Date: 09/30/16
R. SCOTT ALSTERDA

| Page 1 | | EXHIBIT C<br>ANALYSIS OF CLAIMS REGISTER | | | | Date: September 30, 2016 |

Case Number: 15-15892  
Debtor Name: HEWITT, MICHAEL J  

Claim Class, Priority Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 000<br>2100-00 | R. Scott Alsterda as Trustee<br>70 West Madison Street, Suite 3500<br>Chicago, IL 60602 | Administrative | | $0.00 | $7,236.55 | $7,236.55 |
| 000<br>2200-00 | R. Scott Alsterda as Trustee<br>70 West Madison Street, Suite 3500<br>Chicago, IL 60602 | Administrative | | $0.00 | $12.60 | $12.60 |
| 001<br>3110-00 | Nixon Peabody LLP<br>70 West Madison Street<br>Suite 3500<br>Chicago, IL 60602 | Administrative | | $0.00 | $3,656.50 | $3,656.50 |
| 000001<br>070<br>7100-00 | US Dept. of Education<br>PO Box 530229<br>Atlanta, GA 30353-0229 | Unsecured | | $0.00 | $131,984.71 | $131,984.71 |
| 000002<br>070<br>7100-00 | Wells Fargo Card Services<br>PO Box 9210<br>Des Moines, IA 50306 | Unsecured | | $0.00 | $19,548.00 | $19,548.00 |
| | Case Totals: | | | $0.00 | $162,438.36 | $162,438.36 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 15-15892
Case Name: HEWITT, MICHAEL J
Trustee Name: R. SCOTT ALSTERDA

Balance on hand                                                                $     79,731.15

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: R. SCOTT ALSTERDA | $ 7,236.55 | $ 0.00 | $ 7,236.55 |
| Trustee Expenses: R. SCOTT ALSTERDA | $ 12.60 | $ 0.00 | $ 12.60 |
| Attorney for Trustee Fees: Nixon Peabody LLP | $ 3,656.50 | $ 0.00 | $ 3,656.50 |

Total to be paid for chapter 7 administrative expenses          $     10,905.65

Remaining Balance                                                              $     68,825.50

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

UST Form 101-7-TFR (5/1/2011) *(Page: 6)*

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 151,532.71 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 45.4 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | US Dept. of Education | $ 131,984.71 | $ 0.00 | $ 59,946.88 |
| 000002 | Wells Fargo Card Services | $ 19,548.00 | $ 0.00 | $ 8,878.62 |
| | Total to be paid to timely general unsecured creditors | | | $ 68,825.50 |
| | Remaining Balance | | | $ 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE