UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In Re  Michael J. Hewitt,                )
                                         )
                                         )   Bankruptcy No.  15-15892
                                         )
            Debtor.                      )   Chapter         7

COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION
(IN CASES UNDER CHAPTERS 7, 11 AND 12)

Name of Applicant: _____ Nixon Peabody LLP _____

Authorized to Provide Professional Services to: _____ R. Scott Alsterda, Chapter 7 Trustee _____

Date of Order Authorizing Employment: _____ December 8, 2015 [Dkt. 25] effective as of November 13, 2015 _____

Period for Which Compensation is Sought:
From _____ November 13 _____, __ 2015 __ through _____ August 2 _____, __ 2016 __

Amount of Fees Sought: $ 3,656.50

Amount of Expense Reimbursement Sought: $ 0.00

This is an:    Interim Application _____    Final Application __✓__

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|

Dated: _____ September 9, 2016 _____          _____ R. Scott Alsterda _____
                                                            (Counsel)

(Rev 11/19/10)

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| MICHAEL J. HEWITT, | ) | Case No. 15892 |
| | ) | Honorable Donald R. Cassling |
| Debtor. | ) | |
| | ) | |

**FIRST AND FINAL APPLICATION OF TRUSTEE'S COUNSEL
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

R. SCOTT ALSTERDA and NIXON PEABODY LLP (collectively "NP"), counsel for the Trustee pursuant to 11 U.S.C. §330 and FRBP 2016 submits this first and final application for compensation and reimbursement of expenses and represents to the Court as follows:

1. The Debtor filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code on May 4, 2015 (the "Petition Date") [Dkt. 1].

2. On June 18, 2015 the Trustee filed a No Asset Report [Dkt. 13] and on August 28, 2015 the bankruptcy case was closed and the Trustee was discharged [Dkt. 16].

3. On November 2, 2015 the Office of the U.S. Trustee filed a Motion to Reopen the Chapter 7 Case and Appoint Trustee [Dkt. 17]. The motion was granted on November 10, 2015 and the case was reopened [Dkt. 18].

4. On November 13, 2015 R. Scott Alsterda was appointed as the Trustee for the Debtor's bankruptcy estate [Dkt. 19].

5. On November 21, 2015 the Trustee filed an initial report of assets [Dkt. 21].

6. On December 8, 2015, an order was entered approving the employment of Nixon Peabody LLP as counsel for the Trustee [Dkt. 25]. A copy of the Order approving the

employment of Nixon Peabody LLP as counsel for Trustee effective November 13, 2015 is attached hereto as Exhibit "A."

## CASE SUMMARY

7. The meeting of creditors was originally scheduled for June 25, 2015, but was rescheduled to June 18, 2015.

8. The Debtor scheduled an interest in an irrevocable trust which was contingent on the passing of his Father (James J. Hewitt) in the amount of $75,000.

9. At the creditor's meeting, the Trustee was advised by the Debtor that his Father was not in good health and the Trustee requested that the Debtor advise the Trustee if his Father passed away within 180 days of the Petition Date [*See*: 11 U.S.C. § 541(a)(5)(A)].

10. On or about October 7, 2015, the Trustee received correspondence from the Debtor's counsel that the Debtor's Father had passed away within 180 days of the Petition Date.

11. Upon the Trustee receipt of the news of the death of the Debtor's Father and based upon the Trustee's conclusion that the Debtor's interest in the irrevocable trust was property of the bankruptcy estate, the Trustee contacted the Office of the U.S. Trustee regarding a motion to reopen the bankruptcy case to administer the Debtor's inheritance for the benefit of the Debtor's bankruptcy estate.

12. The Trustee, with the assistance of his counsel, contacted the co-trustee of the irrevocable trust regarding the Debtor's interest in the inheritance, and on or about August 2, 2016, the Trustee received a check from the irrevocable trust in the amount of $79,730.99 representing the Debtor's 50% inherited interest.

## DESCRIPTION OF LEGAL SERVICES

13. The nature and extent of the services which NP provided to the Trustee for November 13, 2015 through August 2, 2016 are summarized in the following paragraphs.

14. <u>Asset Analysis and Recovery (B-120)</u>. NP provided 5.50 hours of services to the Trustee with a value of $2,832.50 related to the Trustee's review and recovery of assets to be administered in the Chapter 7 bankruptcy case. These services included reviewing documents related to the life insurance policy held by the irrevocable trust and the irrevocable trust's deposit account at Edward Jones. The services also included numerous telephone calls and correspondence with the co-trustee of the irrevocable trust and with Debtor's counsel regarding the timing and manner of the distribution of the Debtor's inherited interest to the bankruptcy estate.

15. <u>Fee/Employment Applications (B-160)</u>. NP provided 1.40 hours of services to the Trustee with a value of $721.00 related to the Trustee's employment of legal counsel. These services included reviewing and revising the Trustee's motion to employ NP, and attending a court appearance for the hearing on the employment motion which was granted.

16. <u>Claims Administration and Objections (B-310)</u>. NP provided .20 hours of services to the Trustee with a value of $103.00 related to the claims filed in the case. These services included correspondence with the Debtor's counsel seeking the Debtor's approval of the filed claims.

17. <u>Summary of Services</u>. The services provided to the Trustee by NP are summarized as follows:

| **CATEGORY** | **TASK CODES** | **HOURS** | **VALUE** |
|---|---|---|---|
| Asset Analysis and Recovery | B-120 | 5.50 | $2,832.50 |
| Fee/Employment Applications | B-160 | 1.40 | $721.00 |
| Claims Administration and Objections | B-310 | .20 | $103.00 |
| **TOTAL** | | **7.10** | **$3,656.50** |

18. Attached as Exhibit "B" is an itemized statement of the legal services rendered by NP and classified by the various tasks in chronological order. The statement reflects the legal

3

services rendered, the time expended, the value of the services, and a description of the work performed.

19. The time expended and services rendered by the individual NP attorney is summarized as follows:

| Attorney | Hours | Hourly Rate | Total |
|---|---|---|---|
| R. Scott Alsterda | 7.10 | 515.00 | $3,656.50 |
| TOTAL | **7.10** | | $3,656.50 |

20. Based on the nature, extent and value of services performed by NP, the results achieved, and the costs of comparable services, the compensation being sought by NP is fair and reasonable.

21. At all times during NP's representation of the Trustee, NP was a disinterested person and neither represented nor held an interest adverse to the estate with respect to matters on which NP was employed.

WHEREFORE, NP requests that it be awarded reasonable compensation in the amount of $3,656.50 for legal services rendered in this case.

DATE: September 9, 2016                    Respectfully Submitted

                                               NIXON PEABODY LLP

Of Counsel:
R. Scott Alsterda (ARDC 3126771)           /s/ R. Scott Alsterda
Nixon Peabody LLP
70 West Madison, Suite 3500
Chicago, IL 60602-4283
312-977-9203
rsalsterda@nixonpeabody.com